**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4595**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

     v.

RICHARD HOPKINS,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, Senior District Judge.  (0:20-cr-00719-CMC-10)

_____

Submitted:  January 17, 2023                                Decided:  January 19, 2023

_____

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Janis Richardson Hall, Greenville, South Carolina, for Appellant. Elliott Bishop Daniels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Hopkins pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute fentanyl and heroin, possession with intent to distribute fentanyl and heroin, and possession of a firearm in furtherance of a drug trafficking crime. Hopkins was sentenced to 228 months in prison. Hopkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising for the court's consideration the following issues: (1) whether Hopkins' Fed. R. Crim. P. 11 hearing was properly conducted and (2) whether the district court properly calculated the drug quantity. Neither Hopkins nor the Government has filed a brief. We affirm.

Our review of the plea hearing shows that the proceeding was conducted substantially in compliance with Rule 11. Moreover, Hopkins knowingly and voluntarily pled guilty to his offense, and his plea was supported by a sufficient factual basis. We therefore find no reversible error in the Rule 11 hearing. *See United States v. Martinez*, 277 F.3d 517, 525 (4th Cir. 2002) (noting that when defendant does not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, review is for plain error).

Next, we find that the preponderance of the evidence supported the court's calculation of the drug quantity attributable to Hopkins. At sentencing, Hopkins challenged the testimony of a cooperating witness, asserting that a more conservative calculation should apply. The district court reduced the drug weight based on Hopkins' objections, although the decrease was not as large as the one for which Hopkins advocated.

2

Specifically, the court found the witness to be credible and consistent, and Hopkins does not dispute that the witness's testimony, if accepted, supported the court's calculations. Thus, the district court did not clearly err in its drug quantity findings. *See United States v. Davis*, 918 F.3d 397, 405 (4th Cir. 2019) (stating that, at sentencing, the Government must prove drug quantity by a preponderance of the evidence).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Hopkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Hopkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hopkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3